UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANINE ROME | CIVIL ACTION |
| VERSUS | NO. 24-1733 |
| PROGRESSIVE GULF INSURANCE COMPANY, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Financial Indemnity Insurance Company ("Financial Indemnity") seeking dismissal of plaintiff's claim.[1] The motion is set for submission on May 29, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance May 21, 2025. Plaintiff Janine Rome, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 14.

[2] R. Doc. 15.

[3] This case concerns an automobile accident that occurred on May 15, 2023, between Rome and defendant Christopher Hyche. R. Doc. 1-1 at 1. Rome filed this suit in state court against Hyche; his insurer, Progressive Gulf Insurance Company ("Progressive"); and her own alleged uninsured/underinsured motorist ("UM") carrier, Financial Indemnity. R. Doc. 1-1. Progressive and Hyche removed the action to this Court, asserting diversity subject-matter jurisdiction. R. Doc. 1. Rome resolved by settlement her claims against Hyche and Progressive. R. Docs. 11; 13. Financial Indemnity now moves for summary judgment on Rome's claims against it, arguing that Rome rejected UM coverage under the policy, and thus has no coverage or breach-of-contract claim. R. Doc. 14-1. Under Louisiana law, an insured can waive UM coverage, and "[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." La. R.S. 22:1295(1)(a)(ii). Financial Indemnity has submitted with its motion a copy of such a form executed by Rome in which she indicated that she did not want UM coverage. R. Doc. 14-4 at 59. Rome has not submitted any evidence to rebut the statutory presumption that she knowingly rejected UM coverage. Thus, Financial Indemnity is entitled to summary judgment in its favor, dismissing with prejudice Rome's claim against it.

IT IS ORDERED that Financial Indemnity's motion for summary judgment (R. Doc. 14) is GRANTED, and Rome's claim against it is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of May, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE